UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2005 APR 12 P 1: 50

DC
BY DEPUTY CLERK

ERIC J. O'BELL, individually and on behalf of all others similarly situated,

        Plaintiffs,

v.

CALVIN C. FAYARD, JR. A.P.L.C. DEFINED BENEFIT PLAN & TRUST, CALVIN C. FAYARD, JR., and JOHN and/or JANE DOES 1-10.

        Defendants.

**CLASS ACTION COMPLAINT**

Demand for Jury Trial

05-265-D-M1

## I.    __INTRODUCTION__

Plaintiffs, by undersigned counsel, hereby institute this Class Action Complaint against Defendants, Calvin C. Fayard, Jr., A.P.L.C., Defined Benefit Plan & Trust and Calvin C. Fayard, Jr., individually and in his capacity as Plan Administrator, (collectively "Defendants"), individually and on behalf of all others similarly situated. This class action seeks relief for the defendants' practice of impermissibly classifying employees as "independent contractors" and/or impermissibly issuing 1099 non-employee compensation to employees of Calvin C. Fayard, Jr. A.P.L.C, in an effort to subvert pay-roll taxes and thereby lower retirement benefits as defined under the Defined Benefit Plan & Trust, (the "Plan") in violation of 28 U.S.C. § 1331, in

1

particular ERISA and Federal Tax Code and other state law causes of action. Plaintiffs seek monetary, declaratory and injunctive relief for the class they seek to represent.

1. This is a class action brought pursuant to § 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, against the Plan Administrator and fiduciaries of Calvin C. Fayard, Jr., A.P.L.C., Defined Benefit Plan & Trust, (the "Plan").

2. The Retirement "Plan" is a Defined Benefit Plan and Trust and the "Employer" is Calvin C. Fayard, Jr., A Professional Law Corporation.

3. Calvin C. Fayard, Jr., is the Plan Administrator for the Plan that requires the Employer to contribute an actuarially determined amount to the Plan to fund such benefits provided under the Plan. The amount of the employers' contribution varies from year to year depending on such factors as the Plan's participant turnover, benefit payments and the trust's investment gains and losses. Only the Employer contributes to the Plan and employee contributions to the Plan are not permitted.

4. Plaintiff O'Bell was a former employee of Calvin C. Fayard, Jr., A.P.L.C. and a Plan participant during the Class Period.

5. Plaintiffs allege that Defendants, as fiduciaries of the Plan, breached their fiduciary duties to the Plan their participants and beneficiaries during the Class Period in violation of ERISA, particularly with regard to the treatment of employees as "independent contractors" and failing to properly report all wages on Form W-2 in an effort to lower retirement benefits of Plan participants.

6. These breaches were ongoing and arouse out of Defendants' failure to properly report W-2 wages of employees and/or impermissible practice of compensating employees with both W-2 wages and 1099 non-employee wages during the Class Period.

2

7.     As a result of Defendants' fiduciary breaches, as hereinafter enumerated and described, the current and former employees of Calvin C. Fayard, Jr., A.P.C. have suffered substantial losses as a result of Defendants' arbitrary and capricious conduct.

8.     As a result of Defendants' arbitrary and capricious conduct, employees' and their families' retirement benefits have been drastically lowered and/or reduced and employees have incurred improper tax liabilities.

### JURIDISCTION AND VENUE

9.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).  Supplemental Jurisdiction rests upon 28 U.S.C. § 1367.

10.     Venue is proper in this action pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan was administered in this district, some or all of the fiduciary breaches and/or arbitrary and conduct for which relief is sought occurred in this district and/or some Defendants reside or maintain their primary place of business in this district.

### PARTIES

11.     Plaintiff, Eric J. O'Bell, a former employee of Calvin C. Fayard, Jr., A.P.C. is an individual who resides at 145 Hollywood Drive, Metairie, Louisiana.

### DEFENDANTS

12.     Defendant, Calvin C. Fayard, Jr.'s office is located at 519 Florida Ave., S.W., Denham Springs, LA 70726.  Defendant, Calvin C. Fayard is an attorney who practices class action litigation.

3

13.     Defendant, Calvin C. Fayard, Jr., A.P.L.C., Defined Benefit Plan & Trust is a Defined Benefit Plan & Trust, with its principal place of business at 519 Florida Blvd., SW, Denham Springs, Louisiana, 70126.

14.     Calvin C. Fayard, Jr., is the Plan Administrator of Calvin C. Fayard, Jr., A.P.L.C. Defined Benefit Plan & Trust, and currently resides on St. Charles Avenue, New Orleans, Louisiana.

15.     At all times relevant herein, the Plan Administrator, Calvin C. Fayard, Jr., exercised discretionary authority with respect to management and administration of the Plan and/or management and disposition of the Plan's assets.

16.     Calvin C. Fayard, Jr., had, at all applicable times, effective control over all Plan-related activities.

17.     By failing to properly discharge his fiduciary duties under ERISA and by engaging in an improper scheme to deny, and/or lower employees retirement benefits, the Defendants breached duties they owed to the Plans' participants and their beneficiaries. Accordingly, the actions of the Plans' officer(s), director(s) and other employee fiduciaries are imputed to Calvin C. Fayard, Jr., under the doctrine of *respondeat superior*, and Calvin C. Fayard, Jr., is liable for these actions.

18.     Defendants JOHN and/or JANE DOES # 2-10 are other unknown employees and/or agents of defendants who were familiar with and authorized the policies and practices complained of herein.

## THE PLAN

**A.     NATURE OF THE PLAN**

4

19.     The Calvin C. Fayard, Jr., A.P.L.C. Defined Benefit Plan and Trust is a "defined benefit Plan and Trust" as defined by § 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A).  The Plan is a legal entity that can sue or be sued.  ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1).

20.     According to the Summary Plan Description, the Plan's effective date was January 1, 1993 and was established by Calvin C. Fayard, Jr., A.P.L.C. to "recognize the hard work and good efforts of its Employees … and for the exclusive benefit of all eligible Employees and their Beneficiaries."

21.     The Plan was frozen effective December 31, 2002 and no further Benefits Accruals occurred under the Plan.

22.     The Plan's documents give Calvin C. Fayard, Jr., as Plan Administrator power to determine eligibility for benefits and to construe terms of the Plan and therefore his actions must be reviewed under the arbitrary and capricious standard.

**B.      The Structure of the Plan**

23.     All of Employer's employees are considered "Eligible Employees" and may participate in the Plan, once they meet the Eligibility and Participation requirements, and become eligible to participate in the Plan after obtaining age 21 and completed 1 year(s) of service. Accordingly, "If you are employed on January 1st 1993, and have met the age requirement, an employee is eligible to enter the Plan on that date."   See Summary Plan Description.

24.     According to the Summary Plan Description, each year Calvin C. Fayard, Jr., A.P.L.C. is required to contribute an actuarially determined amount to the Plan to fund the benefits under the Plan.  The amount of contribution varies from year to year depending on such factors as the Plan's participant turnover, benefit payments and the trust's investment gains and losses.

5

25.     Only the Employer, Calvin C. Fayard, Jr., A.P.L.C. is allowed to contribute to the Plan and employee contributions are not permitted.

26.     The Plan was a "defined benefit plan" and not an "individual account" or "defined contribution" plan, where all premiums paid by the Employer were pooled in one common fund or account maintained by an annuity company on behalf of all plan participants, where plan did not provide for benefits based solely on amount contributed to each participant's account but, instead, promised benefits based on years of service and earnings, and where contributions required of Employer were contingent on benefit levels fixed by terms of Plan.

27.     An independent professional known as an "enrolled actuary" must certify each year that the Employer is meeting these minimum funding requirements. Upon information and belief, John Gibson of Wertz and Associates served as the "enrolled actuary" for the Plan.

28.     The Plan's Trustee is Calvin C. Fayard, Jr.

29.     The Plan Administrator is Calvin C. Fayard, Jr.

30.     The Plan is self-administered.

31.     Throughout this Summary Plan Description, the words "compensation" and "pay" are used to determine the employees' benefits. According to the Summary Plan Description," "Pay" or "Compensation" means the total wages as paid to you by your Employer as reported to you on Form W-2 for the Plan Year.

### DEFENDANTS' FIDUCIARY STATUS

32.     During the Class Period, all of the Defendants acted as fiduciaries of the Plan pursuant to § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and the law interpreting that section. The Defendants all had discretionary authority with respect to the management of the Plan and/or

6

the management or disposition of the Plans' assets, and had discretionary authority or responsibility for the administration of the Plan.

33.     Instead of delegating the fiduciary responsibility for the Plan to external service providers, Defendant, Calvin C. Fayard, Jr. chose to comply with the requirement of § 402(a)(1) by internalizing this fiduciary function.

34.     During the Class Period, all of the Defendants acted as fiduciaries of the Plan pursuant to § 3(21)(A) of ERISA, 29 § 1002(21)(a), and the law interpreting that section.

35.     ERISA requires every plan to provide for one or more named fiduciaries who will have "authority to control and manage the operation and administration of the plan." § 402(a)(1), 29 U.S.C. § 1102(a)(1).  Upon information and belief, Calvin C. Fayard, Jr., was a fiduciary of the Plan.

36.     ERISA treats as fiduciaries not only person explicitly named as fiduciaries under § 402(a)(1), but also any other person who act in fact as fiduciaries, i.e., performed fiduciary functions.  Section 3(21)(A)(I) of ERISA, 29 U.S.C. § 1002(21)(A)(I), provides that a person is a fiduciary "to the extent . . . he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management of disposition of assets . . ."  During the Class Period, Defendants performed fiduciary functions under this standard, and thereby also acted as fiduciaries under ERISA.

37.     In addition, under ERISA, in various circumstances, non-fiduciaries who knowingly participate in fiduciary breaches may themselves be liable.  To the extent any of the Defendants are held not to be fiduciaries, they remain liable as non-fiduciaries who knowingly participated in the breaches of fiduciary duty described below.

7

## CLASS ACTION ALLEGATIONS

38.     Plaintiffs bring this action as a class action pursuant to Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and the following class of persons similarly situated (the "Class"):

All current and former employees of Calvin C. Fayard, Jr., A.P.L.C. who were participants in or beneficiaries of the Calvin C. Fayard, Jr., A.P.L.C. Defined Benefit Plan and Trust at any time between January 1, 1993 and the present (the "Class Period") and all current and former employees of Calvin C. Fayard, Jr., A.P.L.C. who were improperly classified as an "independent contractor" thereby receiving 1099 income.

39.     The members of the Class are so numerous that joinder of all members is impracticable.   While the exact number of the Class members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs believe there are, at a minimum, approximately fifty members of the Class who participated in, or were denied participation in the Plan during the Class Period.

40.     Common questions of law and fact exist as to all members of the Class and predominate over any questions affectingly solely individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)     whether Defendants violated ERISA;

(b)     Whether Defendants breached their fiduciary duties to the Plan, Plaintiffs and members of the Class by failing to act prudently and solely in the interest of the Plan, and the Plan's participants and beneficiaries;

(c)     whether Defendants' engaged in a scheme to commit income tax fraud by failing to properly report employee W-2 income and thereby lower their retirement benefits and/or by

8

defendants' impermissible practice of classifying employees as "independent contractors" in an effort to avoid paying employer taxes thereby denying employees to participate in the Plan.

(d)     whether members of the Class have sustained damages, and, if so, what is the proper measure of damages;

(e)     Whether the Plan Administrator interpreted the Plan under the abuse of discretion standard.

41.     Plaintiff's claims are typical of the claims of members of the Class because they and the other members of the Class, each sustained damages arising out of the Defendants' wrongful conduct in violation of federal law as complained of herein.

42.     Plaintiff will fairly and adequately protect the interests of the members of the Class and have retained an array of counsel competent and experienced in class action, complex and ERISA litigation.

43.     Class action status in this ERISA action is warranted under Rule 23(b)(1) (B) because prosecution of separate actions by members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the actions, or substantially impair or impede their ability to protect their interest.

44.     Class action status is also warranted under the other subsections of Rule 23(b) because: (i) prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for Defendants; (ii)  Defendants have acted or refused to act on grounds generally applicable to the Plan and the Class, thereby making appropriate final injunctive, declaratory, or other appropriate equitable relief with respect to the Class as a whole; and (iii) questions of law or fact common to members of the Class predominate

Case 3:05-cv-00265-JJB-SCR   Document 1   04/12/05   Page 9 of 19

over any questions affecting only individual members and a class action is superior to the other available methods for the fair and efficient adjudication of this controversy.

## DEFENDANTS' CONDUCT

45. Upon information and belief, beginning in 1993, Defendant, Calvin C. Fayard, Jr. engaged in a scheme to hire individuals, including attorneys and staff members and failed to withhold federal and state employee taxes. Instead, Defendant, Calvin C. Fayard, Jr., A.P.C. paid these individuals, including but not limited to plaintiffs, as "independent contractors" and issued 1099-misc non-employee income.

46. These improperly classified employees were never informed of the Plan and were therefore not allowed to participate in the Plan.

47. Upon information and belief, on or around May 1995, Defendant, Calvin C. Fayard, Jr., began compensating several of these employees, including Plaintiff, O'Bellas W-2 employees.

48. Defendant, Calvin F. Fayard, Jr. did not inform Plaintiff of the existence of the Plan until December 1996. Furthermore, Defendant did not provide plaintiffs with a Certificate of Participation and/or Annual Reports until December 1996.

49. Beginning in December 1996, Defendant informed Plaintiff he was eligible to participate in the Plan and Plaintiff signed Beneficiary Designation forms.

50. During the Class Period, Defendants, in an effort to lower and/or reduce retirement benefits, Defendant, Calvin C. Fayard, Jr., A.P.L.C. compensated employees with both W-2 and 1099 income.

51. During the Class Period, the 1099 income was never reported to the "enrolled actuary" and retirement benefits were not properly calculated.

10

52. Defendants misclassification of employees as "independent contractors" and practice of paying W-2 and 1099 wages to employees during the Class Period was made by Defendants in an arbitrary and capriciously manner.

53. During the Class Period, Defendants failed to provide accurate Annual Reports to Plan Participants Annual Reports to Plan Participants and in several years during the Class Period failed to provide an Annual Report to Plan Participants.

54. On December 31, 2003, Plaintiff, Eric J. O'Bell terminated his status as an employee of Calvin C. Fayard, Jr., A.P.C.

55. In accordance with the Plan documents, on or around January of 2004, Plaintiff, Eric J. O'Bell requested a "lump sum" retirement distribution from his former Employer, Calvin C. Fayard, Jr., A.P.L.C.

56. On or around March 1, 2004, Plaintiff, Eric J. O'Bell received an improperly calculated "lump sum" distribution for his vested retirement benefits from the Plan.

57. On November 11, 2004 Plaintiff, Eric J. O'Bell transmitted a letter to Plan Administrator, Calvin C. Fayard, requested a review of his benefits and informed Fayard that the "lump sum" distribution was improperly calculated. The Plan Administrator failed to notify Plaintiff, O'Bell of a denial within 90 days of the November 11, 2004 claim for benefits, in violation of Plan rules.

58. Plaintiff, O'Bell requested an actuarial calculation used to determine his "lump sum" benefits and    Defendants have failed to provide plaintiff O'Bell with the actuarial calculation and only partially responded to the request for Plan documents.

59. Plaintiff O'Bell has exhausted his administrative remedies.

60. As of the date of filing, the Plan Administrator has failed to provide Plaintiff with a ruling as to whether or not benefits would be granted or denied and/or the specific reasons for denial.

## THE LAW UNDER ERISA

61. ERISA § 502(a)(1), 29 U.S.C. § 1132(a)(1), provides, in pertinent part, that a civil action may be brought by a participant or beneficiary for relief under ERISA.

62. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) provides, impertinent part, that a civil action may be brought by a participant or beneficiary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

63. ERISA § 404(a)(1)(A) and (B), 29 U.S.C. § 1104(a)(1)(A) and (B), provides, in pertinent part, that a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries, for the exclusive purpose of provided benefits to the participants and their beneficiaries, and with the care, skill prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matter use in the conduct of an enterprise of a like character and with like aims.

64. These fiduciary duties under ERISA § 404(a)(1)(A) and (B) are referred to as the duties of loyalty, exclusive purpose and prudence and are the "highest known to law." They entail, among other things,

      a.       A duty to avoid conflicts of interest and to resolve them promptly when they occur. A fiduciary must always administer a plan with an "eye single" to the interests of the participants and beneficiaries, regardless of the interests of the fiduciaries themselves or the plan sponsor.

12

b.     A duty to disclose and inform, which encompasses: (1) a negative duty not to misinform; (2) an affirmative duty to inform when the fiduciary knows or should know that silence might be harmful; and (3) a duty to convey complete and accurate information material to the circumstances of participants and beneficiaries.

65.    Plaintiffs therefore bring this action in part under the authority of ERISA § 502 (a)(2) for plan-wide relief under ERISA § 409(a) to recover losses sustained by the Plan arising out of the breaches of fiduciary duties by the Defendants for violations under ERISA § 404(a)(1) and ERISA § 405(a).

## COUNT 1

### Breach of Duty to Avoid Conflicts of Interest
### (Breaches of Fiduciary Duties in Violation of
### ERISA §§ 404 and 405 of ERISA)

66.    Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

67.    At all relevant times, as alleged above, all Defendants were fiduciaries within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

68.    ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), imposes on a plan fiduciary a duty of loyalty, that is, a duty to discharge his/her duties with respect to a plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and its beneficiaries.

69.    Given the allegations listed above, Defendant, Calvin C. Fayard, Jr., clearly placed his interests of himself, as evidenced by the longstanding practice of misclassifying employees as independent contractors and/or compensating employees with 1099 wages instead of properly reporting W-2 wages, before the interests of the Plan and their participants. These

13

conflicts of interest put these Defendants in the inherently problematic position of having to choose between their own interests as Director, and the interests of the Plan's participants and beneficiaries, in whose interests the Defendants were obligated to loyally serve with an "eye single."

70.     Defendants breached their duty to avoid conflicts of interest and to promptly resolve them by, *inter alia*: failing to engage independent fiduciaries who could make independent judgments concerning the management of the Plan and the proper reporting of employees wages; failing to notify the appropriate federal agencies, including the Department of Labor, of the facts and transactions regarding the Defendants failure to properly report and disclose 1099 employees wages; failing to take such other steps as were necessary to ensure that participants' interests were loyally and prudently served; with failing to remedy the Defendants' inappropriate practice of issuing 1099 wages to employees during the Class Period, which thereby lowered the participants r/ etirement benefits; and by otherwise placing the interests of Calvin C. Fayard, Jr., above the interests of the participants with respect to the proper funding of the Plan.

71.     Pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) and ERISA § 409, 29 U.S.C. § 1109(a), Defendants in this Count are liable for under-funding the Plan, caused by their breaches of fiduciary duties alleged in this Court.

## COUNT 2

### DEFENDANTS CONDUCT OF MISCLASSIFYING EMPLOYEES VIOLATED THE INTERNAL REVENUE CODE AND RESULTED IN A LOWERING OF PLAN RETIREMENT BENFITS

72.     The Internal Revenue Service (IRS) requires that an employer issue an employee W-2 forms and withhold and pay all necessary employee income taxes as required by the IRS.

Case 3:05-cv-00265-JJB-SCR    Document 1    04/12/05    Page 14 of 19

These taxes include: Federal Income Tax, State Income Tax, and FICA (Social Security and Medicare). In addition the employer is required to pay all of the necessary employer taxes. These taxes include: FICA (Social Security and Medicare, FUTA (Federal Unemployment Tax), and SUI (State Unemployment Tax).

73. Upon information and belief, in an effort to avoid paying payroll taxes and deny employees from participating in the Plan, Calvin C. Fayard, Jr. began paying employees, including plaintiffs, Eric J. O'Bell on a 1099-misc form.

74. The IRS has established a 20-point checklist that can be used as a guideline in determining whether or not a contractor can legally be paid on a 1099.

75. At all times relevant herein, the employer had a right of control over the plaintiffs and others similarly situated. The plaintiffs, and others similarly situated, meet virtually all of the criteria of the 20 point, including but not limited to taking instruction from the management staff regarding when, where and how work is to be performed; the individual had to personally perform the services, the employees had to produce their time sheets to the employer for submission, the employees were reimbursed for their expenses, and most importantly there existed a continuing relationship between the employer and the plaintiffs.

76. During the years 1995 through 2003, the employer, Calvin C. Fayard, Jr., A.P.L.C. issued both W-2 and 1099-misc form income to plaintiffs and other employees of Calvin C. Fayard, Jr., A.P.L.C. The result of such impermissible practice resulted in a lowering of the retirement benefits under the Plan and caused plaintiffs to incur a greater tax liability, for all of which Defendants are liable.

15

## COUNT THREE

### Defendants Failure to Provide Requested Documents

77.     Plaintiff, O'Bell has requested various Plan documents, including but not limited to full annual reports from years 1993 through 2003, IRS Forms 5500 from years 1993 through 2003, and a calculation of his initial lump sum disbursement.

78.     29 U.S.C. § 1132(c)(1) provides for the assessment of civil penalties in the amount of $100.00 a day from the date of such failure or refusal against an ERISA plan administrator who fails to comply with a plan participant's request for plan information.

79.     The Plan Participants conduct in failing to provide the requested documentation subjects him to the above referenced penalty.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for a trial by jury and:

A.     A Declaration that the Defendants, and each of them, have breached their ERISA fiduciary duties to the Participants.

B.     An Order compelling the Defendants to make good to the Plan and Plan participants and beneficiaries for all breaches of their fiduciaries duties, including but not limited to the Defendants' arbitrary and capricious business practice of subverting pay-roll taxes to thereby lower retirement benefits as defined under the Defined Benefit Plan & Trust, (the "Plan") in violation of 28 U.S.C. § 1331, in particular ERISA and Federal Tax Code.

C.     An Order enjoining Defendants, and each of them, from any further violations of their ERISA fiduciary duties, and prohibiting them from compensating employees with 1099 non-employee income.

D.   Actual damages in the amount of losses suffered by Plan participants and their beneficiaries as a result of under reporting of wages and compensation used to determine employee benefits under the Plan.

E.   An Order awarding penalties pursuant to 29 U.S.C. § 1132(c)(1);

E.   An Order awarding costs pursuant to 29 U.S.C. § 1132(g);

F.   An Order awarding attorneys fees pursuant to 29 U.S.C. § 1132(g) and the common fund doctrine; and

G.   An Order for equitable restitution and appropriate equitable monetary relief against the Defendants.

WHEREFORE, plaintiffs respectfully pray that this action be certified as a class action, and that after due proceedings be had, there be judgment in favor of plaintiffs, individually, and on behalf of the class of all others similarly situated, and against defendants, awarding to plaintiffs and the class members all damages in such amounts as are reasonable, punitive damages, reasonable attorney fees, and all costs, and all other general and equitable relief.

Dated: _April 12_, 2005

RESPECTFULLY SUBMITTED,

DECUIR & CLARK, L.L.P.

WINSTON G. DeCUIR, JR.
1961 Government Street
Baton Rouge, LA 70806
(225) 346-8716
(225) 336-1950 (fax)

17

LEWIS S. KAHN (LA BAR #23805)
KAHN GAUTHIER LAW GROUP, LLC
650 Poydras St., Suite 2150
New Orleans, LA 70130
Telephone: (504) 455-1400
Facsimile: (504) 455-1498 (fax)


**PLEASE SERVE:**


**CALVIN C. FAYARD, JR., A.P.L.C.**
**DEFINED BENEFIT PLAN & TRUST**
**Through the Plan Administrator, Calvin C. Fayard, Jr.**
**519 Florida Ave. S.W.**
**Denham Springs, LA 70726**


**CALVIN C. FAYARD, JR.**


**UNITED STATES DEPARTMENT OF LABOR**
**Employee Benefits Security Administration**
**Frances Perkins Building**
**200 Constitution Ave., NW**
**Washington, DC 20210**

18

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Eric O'Bell & others similarly situated

**(b)** County of Residence of First Listed Plaintiff ___Jefferson___
(EXCEPT IN U.S PLAINTIFF CASES)

## DEFENDANTS

Calvin Fayard, Jr. APLC, Defined Benefit Plan & Trust, Calvin C. Fayard, Jr.

County of Residence of First Listed Defendant ___Livingston___
(IN U.S. PLAINTIFF CASES)
NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Winston G. DeCuir, Jr.  (225) 346-8716
1961 Government St.
Baton Rouge, LA 70806

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury— Med. Malpractice
☐ 365 Personal Injury — Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☒ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☒ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

29 U.S.C. §1132

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

DATE  April 12, 2005

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 96345   AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE